IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COURTNEY BOHM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-4277-CV-W-NKL |
| ADVENTURE BOAT RENTALS, INC., | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Courtney Bohm's ("Bohm") Motion for Default Judgment against Adventure Boat Rentals, Inc. ("Adventure") [Doc. # 5]. For the reasons set forth below, the Court denies Bohm's Motion.

Also pending before the Court is Adventure's Motion to Transfer Divisional Venue [Doc. # 8]. For the reasons set forth below, the Court denies Adventure's Motion as moot.

**I.  Background**

Bohm filed her Complaint for personal injury against Adventure on August 25, 2005. Bohm's allegations arise out of an injury she sustained while she was a passenger on a personal watercraft that was rented from Adventure. The incident occurred at the Lake of the Ozarks in a portion of the Lake that was situated in Morgan County, Missouri. Bohm alleged diversity of citizenship because she is a resident of Kansas and

1

Adventure is a resident of Morgan County.

The undisputed facts reflect that Bohm served Adventure with her Complaint on September 15, 2005. The next day, Adventure tendered the Complaint to its insurance agent who then faxed the Complaint to Markel American Insurance Company ("Markel"), which is Adventure's insurer. The agent faxed the Complaint to Markel on the same day the agent received it from Adventure. Markel did not receive the fax and neither Adventure nor its agent timely followed up with Markel to ensure that it received the Complaint.

On November 8, 2005, Adventure's agent contacted Markel and discovered that it had not received the September fax containing Bohm's Complaint. Adventure's agent faxed the Complaint again and Adventure's counsel was retained by Markel a few days later on November 11. Adventure's counsel filed its Answer a few days later on November 14.

During the intervening time period, on October 31, Bohm filed her pending Motion for Default Judgment [Doc. # 5] and Adventure timely filed its Opposition. Adventure filed its pending Motion to Transfer Venue [Doc. # 8] on the same day it filed its Answer in mid-November.

**II. Discussion**

    **A. Bohm's Motion for Default Judgment [Doc. # 5]**

Bohm served her Complaint on Adventure on September 15 and Adventure's Answer was undisputably due twenty days later on October 5. *See* Fed. R. Civ. P. 12.

2

Thus, as a technical matter, Bohm is entitled to an entry of default against Adventure under the rules of civil procedure. *See* Fed. R. Civ. P. 55(a) (governing the imposition of default judgment). However, Rule 55 also provides a caveat for setting aside an order of default "for good cause shown" where the defaulting party's failure to respond was the result of "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 55(c).

Adventure's brief in opposition to Bohm's Motion demonstrates that its tardy responsive pleading is the result of the agent's mistaken belief that Markel had received the fax containing Bohm's Complaint. When that mistake was rectified, the undisputed facts reflect that Markel acted diligently to retain counsel and that counsel quickly filed a responsive pleading. Thus, it is clear that the Defendant intends to defend against Plaintiff's claim and the delay in filing the Answer was because of excusable neglect. Therefore, the Court denies Bohm's Motion.

**B.     Adventure's Motion to Transfer Divisional Venue [Doc. # 8]**

Adventure moves to transfer this case to the Central Division of this Court. However, the case is already pending in the Central Division of this Court, although it appears that both parties are under the impression it is in the Western Division of this Court. Nonetheless, a review of the docket sheet for this case on ECF reflects that both the case number and the heading of the case indicates the matter is already pending in the Central Division. Because the case is already in the Central Division, the Court will deny Adventure's Motion as moot.

## III. Conclusion

Accordingly, it is hereby

(1) ORDERED that Bohm's Motion for Default Judgment [Doc. # 5] is DENIED, and

(2) ORDERED that Adventure's Motion to Transfer Divisional Venue [Doc. # 8] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATE: December 22, 2005
Kansas City, Missouri

4